**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**v.**                                        **Criminal Action No. 2:14-cr-20-1**

**SHAWN DAVID WHITE,**
         **Defendant.**

### OPINION/ REPORT AND RECOMMENDATION
### CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for

purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant,

Shawn David White, in person and by counsel, Brian Kornbrath, appearing for Katy Cimino,

appeared before me on December 15, 2014. The Government appeared by Assistant United States

Attorney Stephen Warner. The Court determined that Defendant was prepared to enter a plea of

"Guilty" to Count Three of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court then inquired of Defendant whether he was a citizen of the United States.

Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood

that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be

subject to deportation at the conclusion of any sentence; that he would be denied future entry into

the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated

that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and

asked the Government to tender the original to the Court. The Court asked counsel for the

Government if the agreement was the sole agreement offered to Defendant. The Government

responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for

the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Shawn David White, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Three of the Indictment and the elements the Government would have to prove, charging him with aiding and abetting the possession of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6),

843(d)(2), and 18 U.S.C. § 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Three of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Three was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct.    Do you understand that under 18 U.S.C. § 3742 you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals provided you give notice of intent to appeal within 14 days of sentencing?

Def.   Yes, I do.

Ct.    Do you further understand that under 28 U.S.C. § 2255, commonly called the writ of habeas corpus statute, you may file a motion collaterally attacking or challenging your sentence and how that sentence is being carried out or executed?

Def.    Yes, I do.

Ct.     Do you fully understand that under paragraph 14 of your written plea agreement, that, quote, "if the defendant receives a sentence consistent with Guideline offense level 23 or lower, then" (1) you waive the right to appeal that conviction and sentence and the manner in which it was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742?

Def.    Yes, I do.

Ct.     Did you intend to give up those valuable rights as set forth in paragraph 14(a)?

Def.    Yeah.

Ct.     Furthermore, if you receive an actual sentence consistent with a Guideline offense level of 23 or lower, then you waive the right to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Def.    Yes, I do.

Ct.     Now, the only thing you reserve to yourself under paragraph 14(b) is the right to file a collateral attack respecting a claim of ineffective assistance of counsel or prosecutorial misconduct that you discover exists after today.

Def.    Yeah, I do understand.

Ct.     Do you know of any prosecutorial misconduct as you sit here today?

Def.    No.

Ct.     Do you know of any ineffective assistance of counsel as you sit here today?

Def.    No.

Ct. Did you intend to give up the rights to collaterally attack your conviction and sentence as set forth in paragraph 14(b), as set forth in that paragraph?

Def. Yes, I did.

Ct. Did you understand that paragraph when you signed the plea agreement?

Def. Yes.

Ct. Has anything changed concerning your understanding of that paragraph in your plea agreement between when you signed the agreement and today?

Def. No.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three

of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Three of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge

at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court would generally hear the testimony of a Government witness at this point in the hearing to support an independent basis in fact for the guilty plea. In this case, the parties agreed that the Government would provide a proffer to provide that independent basis in fact. The Government proffered that this matter involved the investigation into six (6) meth lab waste sites found throughout the Monongahelia National Forest. On August 16, 2012, a meth lab waste site was found in the backyard of Defendant's residence in Pocahontas County, within the Northern District of West Virginia. On that date, officers from the United States Forest Service and the Pocahontas County Sheriff's Department visited Defendant's residence. They observed a burn pile in the backyard. That burn pile contained the charred remains of eight (8) batteries and a plastic soda bottle with a white substance in it. The batteries had been cut with one end removed. Such was consistent with lithium being removed from the batteries for a shake and bake meth lab.

Witnesses were interviewed. Witness #1 stated that he had been present in the backyard when Defendant was manufacturing methamphetamine, and that he had seen Defendant sell methamphetamine. Witness #2 saw Defendant and others burn waste in the backyard burn pile. Witnesses #3 and 4 had observed Defendant burning waste in the fire pit at the top of the hill. Subsequently, another meth lab waste site was found in that area. Witness #5 observed Defendant and others manufacture methamphetamine in the bathroom at Defendant's residence; Defendant had asked Witness #5 to purchase Claritin-D pills for him. Witness #6 stated that a friend had purchased methamphetamine from Defendant at his residence. A check of NPLEX revealed that between May

2012 and September 2013, Defendant made seventeen (17) purchases of pseudoephedrine at nine (9) different pharmacies in two (2) different states. Agent Smithson interviewed Defendant on August 27, 2012. Defendant said very little, but did indicate that he wanted to tell the land owner what had been going on.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Three of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Thereupon, Defendant, Shawn David White, with the consent of his counsel, Brian Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Three of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Three of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Three; Defendant made a knowing and voluntary plea of guilty to Count Three of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Three of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release previously entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 16th day of December, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE